UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TATYANA HOLLABAUGH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:21-1408 |
| v. | : | (JUDGE MANNION) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | : | |
| Defendant | : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Peter E. Ormsby which recommends that the decision of the Commissioner denying the plaintiff's claim for disability insurance benefits ("DIB") be affirmed. (Doc. 24). The plaintiff has filed objections to the report. (Doc. 25). Upon review of the record, the plaintiff's objections will be overruled and the report and recommendation will be adopted in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge,

and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on December 14, 2017, the plaintiff filed for DIB under Title II of the Social Security Act ("SSA") alleging disability as of January 15, 2017. Her application was based upon the following conditions: "Bi Polar"; depression; anxiety; ADD; "Brain Damage"; "Fetal Alcohol Spectrum Disorder"; and "Syphilis". The plaintiff's application was denied initially and upon reconsideration. Ultimately, the plaintiff had four (4)

hearings prior to the administrative law judge ("ALJ") deciding that she had not been disabled at any time since her alleged onset date. The plaintiff's request for review of the ALJ's decision was denied making the ALJ's decision the final decision of the Commissioner. On August 12, 2021, the plaintiff filed the instant appeal which was assigned to the undersigned and referred to Judge Ormsby for preparation of a report and recommendation.

In her appeal, the plaintiff argues that the ALJ erred in not accounting for her marked limitation in interacting appropriately with others in the residual functional capacity ("RFC") findings; there was not substantial evidence supporting the ALJ's finding that she could tolerate occasional supervision; and the ALJ erred in finding her subjective complaints were not consistent with the medical evidence. In a thorough opinion spanning forty-four (44) pages, Judge Ormsby reviewed the record in this matter and considered each of the plaintiff's arguments, but ultimately determined that substantial evidence supported the ALJ's evaluation of this case.

Without any real substantive support, the plaintiff has filed three objections to Judge Ormsby's report and recommendation.[1] The totality of the plaintiff's objections spans less than three pages with one short

---

[1] Upon review, the plaintiff's first two objections are related and, as a result, these objections will be addressed jointly.

paragraph to address each of her objections. The plaintiff argues in her first objection that Judge Ormsby erred in determining that the RFC findings by the ALJ were supported by the opinion of Dr. Braun, the medical expert. The plaintiff argues that Dr. Braun's opinion that she could function in a work setting with no more than occasional supervision was based on his observation that the record reflected no difficulties with cooperation. In fact, the plaintiff argues that she had a great deal of difficulty cooperating with the staff in the group home in which she was placed to the extent that she ultimately had her parole revoked and she was sent back to prison[2]. The plaintiff also argues here that the ALJ's finding that her subjective statements were not supported by the medical evidence appeared to only reflect her statements about her limitations and not her statements about being fired from multiple jobs. The plaintiff argues that being fired from multiple jobs clearly documents her inability to cooperate in a work setting despite her apparent stable presentation in clinical settings.

---

[2] The record reflects that the plaintiff was incarcerated on three (3) separate occasions after her disability onset date. From January 1 through March 5, 2018, the plaintiff was incarcerated after a conviction for driving under the influence of a controlled substance. Subsequently, the plaintiff was incarcerated from February 7 through July 2, 2019, for a drug-related probation violation. The plaintiff was then incarcerated from May 5 through July 1, 2020, for again violating the terms of her probation. (Doc. 16, pp. 61-63, 150-51).

In her second objection, the plaintiff argues that Judge Ormsby erred in finding that the ALJ properly noted that the plaintiff's ability to shop in stores suggested she was capable of identifying purchase needs, making a list, selecting food items, managing money and interacting appropriately with checkout personnel. Assuming she was able to occasionally interact with store personnel, the plaintiff argues that does not mean she is capable of interacting appropriately with supervisors, even if only on an occasional basis, in a job setting on a regular and continuing basis.

In her appeal of the Commissioner's decision, the plaintiff raised issues challenging the ALJ's RFC findings in relation to Dr. Braun's opinion as well as the ALJ's consideration of her subjective complaints. Judge Ormsby thoroughly addressed these issues raised by the plaintiff. The court has reviewed the report of Judge Ormsby and finds that the report more than adequately addresses why the ALJ's decision was supported by substantial evidence both as to her RFC assessment and her consideration of the plaintiff's subjective statements. The court finds no reason to belabor the matter and adopts the report of Judge Ormsby in its entirety in these regards.

Finally, in her third objection, the plaintiff challenges Judge Ormsby's reliance on *Rinaldi v. Kamakahi*, 2022 WL 4357474 (M.D.Pa. 2022), as support in finding that the marked limitation in interacting with others is

adequately accounted for by a limitation to no more than occasional interaction with supervisors. The plaintiff argues that, although this was the finding in *Rinaldi*, the court in *Rinaldi* provided no case analysis and did not explain whether circumstances might exist where even occasional interaction with supervisors would not be warranted given a marked limitation in interacting with others.

Although the plaintiff challenges Judge Ormsby's reliance on *Rinaldi*, she does not challenge his reliance on a litany of other cases all with the same finding as *Rinaldi*. Although none of these cases are binding upon the court, they are persuasive. The court finds the plaintiff's third objection to be without merit and it will therefore be overruled.

In light of all of the foregoing, the plaintiff's objections to Judge Ormsby's report and recommendation will be overruled and the report and recommendation will be adopted in its entirety as the opinion of the court. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

DATE: June 28, 2023
21-1408-01